UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE :    No. 1:14-md-02542 (VSB)
COFFEE ANTITRUST LITIGATION                :    No. 1:14-cv-04391 (VSB)
                                           :
*This Relates to the Indirect-Purchaser Actions*          x
                                           :

## ~~[PROPOSED]~~ STIPULATED ORDER CLARIFYING
## PRELIMINARY APPROVAL ORDER

WHEREAS, in an Order dated December 16, 2020, the Court granted Indirect Purchaser

Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Approval of Claims

Administrator and Class Notice Plan, Doc. 1216 (the "Preliminary Approval Order");

WHEREAS, the Settling Parties wish to clarify certain aspects of the Decision, including

to conform implementation of the Preliminary Approval Order with the parties' Stipulation of

Settlement and Release, dated August 14, 2020 (the "Agreement") submitted to the Court at ECF

1114-1, and the proposed order that the Settling Parties previously submitted to the Court (ECF

1112-1);[1]

WHEREAS, Counsel for Keurig and Counsel for the Indirect Purchaser Plaintiffs have met

and conferred and have stipulated to a clarification of the Preliminary Approval Order;

NOW, THEREFORE, in light of the Settling Parties' stipulation, the Court hereby clarifies

its Preliminary Approval Order as follows:

A.    The term "antitrust collective action" on p. 2 of the Preliminary Approval Order is

hereby changed to "antitrust class action."

---

[1] Unless otherwise defined herein, defined terms used in this Order have the same meanings as
defined in the Agreement.

B.     "Section III. Conclusion" set forth in the Preliminary Approval Order is hereby replaced with the following:

**III.     Conclusion**

For the foregoing reasons, Plaintiffs' unopposed motion, (Doc. 1112), is GRANTED. I hereby set the following settlement procedure:

(1)   Plaintiffs are directed to begin to implement the Notice Plan no later than 14 days after entry of this order.

(2)   The Escrow Account to be held by Signature Bank, N.A. as escrow agent is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

(3)   The Notice Plan set forth in Doc. No. 1115-2 is hereby approved.

(4)   The deadline for submitting requests for exclusion shall be May 14, 2021.  Persons or entities requesting exclusion from the Settlement Class shall be required to provide the following information to the Claims Administrator: (a) name; (b) address; (c) telephone number; (d) an estimate of the approximate number and type of Keurig K-Cup Portion Packs purchased from September 7, 2010, through August 14, 2020, and (e) a statement that the person or entity wishes to be excluded from the Settlement Class within the time stated above. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

(5)   The Court will hold a final fairness hearing on June 4, 2021 at 10:00 a.m. Logistical details regarding the fairness hearing will be placed on the docket at a later date.

(6)   Plaintiffs will file a motion for final approval of the Settlement Agreement and their application for attorneys' fees and expenses no later than May 7 2021.  Any Settlement

Class Member who has not timely and validly requested exclusion from the Settlement Class may object to the settlement or the attorneys' fee application by filing his, her, or its objection with the Clerk of the Court and serving the objection upon counsel for the parties no later than May 17, 2021. Settlement Class Counsel or Defendant's Counsel shall file with the Court and serve their response to any objections no later than May 26, 2021.

(7) If the Court grants Plaintiffs' motion for final approval of the Settlement Agreement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be the date 30 days after entry of such Order.

(8) If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day after all appeals are resolved in favor of final approval.

(9) The Claims Administrator will disburse settlement checks to the Settlement Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, the Service Awards, and the Settlement Administrator's fee as provided in the Settlement Agreement.

(10) Any member of the Settlement Class that wishes to participate in this Settlement and receive a benefit must submit a proof of claim form on or before July 15, 2021.

(11) The parties shall abide by all terms of the Settlement Agreement.

(12) As the Special Master, Judge Farnan may communicate with the parties or the Court on an *ex parte* basis as he deems appropriate. The Special Master shall file with the Court any recommendation he may issue. Any objections to the Special Master's recommendation shall be filed with the Court within 14 days of the date of the recommendation and will be reviewed under a "clear error" standard. The Special Master

shall complete his work as soon as is practicable.  The Special Master shall be compensated at his customary hourly rate, which shall be borne by the Settling Parties equally.

(13)  This Preliminary Approval Order shall have no effect on any motion to certify any other class in the Multi-District Litigation or any other proceeding, and certification of the Settlement Class is without prejudice to, or waiver of the rights of, Defendant to contest certification of any other class proposed in the Multi-District Litigation or any other proceeding.

(14)  This Preliminary Approval Order, the Settlement Agreement, all documents relating to the Settlement Agreement, and all of the negotiations, discussions, or proceedings connected with them shall not be (a) admissible in evidence or referenced for any purpose, other than in effectuating the settlement, in the Multi-District Litigation or in any other actions or proceedings, (b) deemed or construed to be an admission by any party to the Agreement or any Released Party of any fault, liability, or wrongdoing whatsoever, or evidence of any fact or matter in the Multi-District Litigation or in any other actions or proceedings, (c) admissible in evidence as to the validity or merit of any of the claims or defenses alleged or asserted in the Multi-District Litigation or in any other actions or proceedings, or (d) discoverable, except in a proceeding between a Released Party and a Releasing Party to interpret or enforce the Agreement, and the Agreement may be used in any proceeding to effectuate the settlement.

SO ORDERED.

Dated: December _29_, 2020
       New York, New York

Vernon S. Broderick
United States District Judge

Respectfully submitted: December 23, 2020

Robert N. Kaplan
Gregory K. Arenson
Hae Sung Nam
Jason A. Uris
**KAPLAN FOX & KILSHEIMER LLP**
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714

Mark C. Rifkin
Thomas H. Burt
Patrick Donovan
**WOLF    HALDENSTEIN    ADLER
 FREEMAN & HERZ, LLP**
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (215) 646-0114

Clifford H. Pearson
Daniel L. Warshaw
Matthew A. Pearson
**PEARSON, SIMON & WARSHAW,
LLP**
15165 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
Telephone: (818) 788-8300
Facsimile: (818) 788-8104

*Settlement Class Counsel*

Rahul Mukhi
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2912

Wendelynne J. Newton
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Telephone: (412) 562-8932

*Defendant's Counsel*